IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARCUS HUNTING, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MOJACK DISTRIBUTORS, LLC,<br><br>        Defendant. | Case No. |

## COMPLAINT AND JURY DEMAND

Plaintiff, Arcus Hunting, LLC ("Arcus"), for its complaint against Defendant, MoJack Distributors, LLC ("MoJack"), states:

### Parties

1. Arcus is a company duly organized and existing under the laws of the State of Delaware and having its principal place of business at 14161 Lake Forest Drive, Unit A, Covington, GA 30014.

2. Upon information and belief, MoJack is a Kansas company with a principal place of business at 3535 N. Rock Road, Suite 300, Wichita, KS 67226.

### Jurisdiction and Venue

3. This is an action arising under the patent laws, Title 35, United States Code, for MoJack's infringement of U.S. Patent No. 9,739,796 (the "'796 Patent").

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over MoJack because, on information and belief, Mojack is incorporated in Kansas, regularly conducts business in Kansas, and has

committed infringing acts within Kansas, including making, selling, offering for sale, using, and/or importing products that infringe the '796 Patent.

6.  Venue is proper in this District under 28 U.S.C. §§ 1391(b–c) and 1400(b) because MoJack is incorporated in this district and, therefore, "resides" in the District of Kansas according to federal law. Moreover, upon information and belief, MoJack has a regular and established place of business in this judicial district because its principal place of business is within this judicial district and, as described herein, MoJack has committed acts of infringement in this judicial district by making, selling, offering for sale, using, and/or importing products that infringe the '796 Patent.

## Background

7.  Arcus is in the business of designing, manufacturing, and selling hunting-related products. Arcus is the owner of U.S. Patent No. 9,739,796, entitled "Air Movement Visualization Device." The '796 Patent was duly and legally issued on August 22, 2017 by the United States Patent and Trademark Office. A copy of the '796 Patent is attached as Exhibit A.

8.  The claims of the '796 Patent are directed to an air movement visualization device and method, with the device including a flexible bulb with an electronic component that produces smoke and/or vapor when the flexible bulb is deformed. An exemplary embodiment of such an air movement visualization device is included in Figure 8 of the '796 Patent, which is reproduced below.



9. Arcus is informed and believes, and therefore alleges, that MoJack is making, using, selling, offering to sell, and/or importing in and/or into the United States, air movement visualization devices that infringe upon the subject matter claimed in Arcus' '796 Patent. For example, MoJack is selling and/or offering to sell air movement visualization devices under the name "Scent Crusher Grenade" via MoJack's website scentcrusher.com. Images of a Scent Crusher Grenade taken from MoJack's website are reproduced below.



3

10. Upon information and belief, MoJack's Scent Crusher Grenades, as illustrated in the images above, infringe one or more claims of the '796 Patent. For example, upon information and belief, the above-illustrated Scent Crusher Grenades infringe, at least, independent claims 1, 7, 13, and 20 of the '796 Patent because the Scent Crusher Grenades include each limitation required by such independent claims 1, 7, 13, and 20. To further illustrate such infringement, a claim chart is attached hereto as Exhibit B, and incorporated by reference herein, which illustrates how the MoJack Scent Crusher Grenade infringes each element required by independent claims 1, 7, 13, and 20 of the '796 Patent. The attached claim chart incorporates images and text related to the accused Scent Crusher Grenade taken from MoJack's website, as well as photographs taken of a Scent Crusher Grenade purchased by Arcus.

11. MoJack's making, using, selling or offering for sale, and/or importation into the United States of ScentCrusher Grenades is without authorization or license from Arcus.

12. MoJack has received written notice of the '796 Patent by way of an original letter and email sent to MoJack, with such original letter dated September 1, 2017. Jim Knight, who upon information and belief is a representative of MoJack, responded to this original letter via email on September 15, 2017, verifying receipt of the original letter. As such, MoJack was aware of the '796 Patent since at least September 15, 2017. Nevertheless, MoJack continues to make, use, sell or offer to sell, and/or import into the United States Scent Crusher Grenades that it knows infringe the '796 Patent.

13. Upon information and belief, Mojack is inducing others to infringe one or more claims of the '796 Patent because MoJack actively encourages others to directly infringe claims of the '796 Patent. For example, independent claim 7 of the '796 Patent is a method claim that requires, *inter alia*, a user to (1) squeeze the flexible bulb to produce smoke, and (2) view the

4

smoke to determine a wind direction. MoJack's advertisements for its Scent Crusher Grenades, as provided on MoJack's website and product packaging, encourage purchasers to perform such squeezing and viewing steps, knowing that such steps will result in direct infringement of the '796 Patent. An exemplary image taken from MoJack's website is reproduced below to illustrate how MoJack's advertisements encourage acts from purchasers and/or end users that MoJack knows will results in direct patent infringement of the '796 Patent.



### Count I – Patent Infringement

14. Arcus incorporates by reference and re-alleges the allegations in Paragraphs 1-13, above, as if fully set forth herein.

15. Arcus owns by assignment all right, title, and interest in and to the '796 Patent, including full rights to recover past and future damages thereunder.

16. Upon information and belief, MoJack through its respective agents, employees or affiliates, has been and currently is committing acts of direct infringement of the '796 Patent by making, importing, using, selling, and/or offering to sell air movement visualization devices in the United States that are covered by one or more claims of the '796 Patent.

5

17. Upon information and belief, MoJack has induced infringement of the '796 Patent because, with knowledge of the '796 Patent, MoJack intentionally and actively induced purchasers and other end users of the air movement visualization devices to use them in a manner that directly infringes the '796 Patent with specific intent that they do so.

18. Arcus has been, and continues to be, greatly damaged by reasons of these acts of infringement and, upon information and belief, MoJack will continue to infringe the '796 Patent.

19. Upon information and belief, Mojack has deliberately and willfully infringed upon Arcus' exclusive rights under the '796 Patent, with full notice and knowledge thereof. Upon information and belief, MoJack has acted despite an objectively high likelihood that its actions constitute infringement of the '796 Patent, and knew or should have known of that objectively high risk at least as of September 15, 2017.

20. Upon information and belief, MoJack, from its infringing activities, has received and will continue to receive gains, profits and advantages, in an amount not presently known to Arcus.

21. Arcus will suffer irreparable harm in its trade and business as a result of Mojack's infringement of the '796 Patent, for which Arcus is entitled to both preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

22. Arcus has suffered and will continue to suffer monetary damages, in an amount not yet presently known, as a result of MoJack's infringement of the '796 Patent.

23. Arcus is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

**Prayer for Relief**

Based on the foregoing, Arcus prays for judgment against MoJack as follows:

A.     A finding that MoJack has directly infringed one or more claims of the '796 Patent under 35 U.S.C. § 271(a).

B.     A finding that MoJack has induced infringement of one or more claims of the '796 Patent under 35 U.S.C. § 271(b).

C.     An order enjoining MoJack and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, and assigns; those in privity with them; and all others aiding, abetting, or acting in concert or active participation with them from:

    (1)     making, using, selling, offering to sell in the United States, or importing into the United States, any product covered by the '796 Patent; or

    (2)     otherwise directly or indirectly infringing the '796 Patent.

D.     Compensatory damages under 35 U.S.C. § 284.

E.     Treble damages under 35 U.S.C. § 284.

F.     An order that MoJack account to Arcus for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Arcus under 35 U.S.C. § 284.

G.     Attorney fees under 35 U.S.C. § 285.

H.     Pre- and post-judgment interest.

I.     Costs of the action.

J.      Such other and further relief as allowed at law or in equity that the Court deems just.

## Jury Demand

Arcus demands a trial by jury on all issues so triable.

October 6, 2017

        Respectfully Submitted,

        /s/ Scott R. Brown
Scott R. Brown, KS Bar No. 23395
   srb@hoveywilliams.com
Matthew B. Walters, KS Bar No. 23514
   mwalters@hoveywilliams.com
Kameron D. Kelly, KS Bar No. 19900
   kdk@hoveywilliams.com
Chad A. Kyle, KS Bar No. 25148
   kdk@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647–9057

ATTORNEYS FOR PLAINTIFF